UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARRY JOSEPH BROWN, #175760              CIVIL ACTION

VERSUS                                         NO. 26-783

SHERIFF JERRY TURLICH, ET AL.            SECTION "A" (5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Barry Joseph Brown, against Defendants, Sheriff Jerry Turlich, Warden Denise Narcisse, and Plaquemines Parish Detention Center.[1]  Plaintiff, an inmate of Plaquemines Parish Detention Center, complains that he was denied an adequate law library and/or legal assistance in violation of his First, Eighth, and Fourteenth Amendment rights.   He claims that defendants were deliberately indifferent in failing to accommodate his right to petition the courts for redress by refusing him legal assistance or a transfer to another facility where he could obtain legal assistance by an inmate counselor to prepare and file a post-conviction relief application.   He alleges that he is now barred by the limitations period from filing an application in state and federal court.  He requests monetary compensation and a transfer to a DOC facility that would afford him the assistance of a prisoner paralegal counselor.[2]

---

[1] Rec. Doc. 1, Complaint.

[2] Rec. Doc. 1 at p. 6, Complaint.  *See also* Rec. Doc. 1-1 at pp. 9-12 (continuation of Complaint, Section IV, Statement of Claim).

A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i), if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); if it fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); or if it seeks monetary relief against a defendant who is immune under 28 U.S.C. § 1915(e)(2)(B)(iii). *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that the complaint be dismissed with prejudice under §§ 1915(e)(2)(B) and 1915A.

First, the "Lafourche Parish Detention Center" is not a proper defendant with respect to any type of § 1983 claim. The jail is simply a building, and, as such, is an improper defendant in a § 1983 action. *See Robinson v. Pinion*, Civ. Action No. 05-6364, 2006 WL 2710443, at *3 (E.D. La. Sept. 19, 2006) ("[T]he Court finds that the claim against the 'Tangipahoa Parish Jail,' which plaintiff has named as a separate defendant, should be dismissed as frivolous and for failing to state a claim upon which relief may be granted. A detention facility is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983."); accord *Porter v. St. Bernard Parish Jail*, Civ. Action No. 15-5716, 2015 WL 10323883, at *1 n. 1 (E.D. La. Dec. 21, 2015), *adopted*, 2016 WL 687655 (E.D. La. Feb. 19, 2016); *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013).

Second, "[t]o prevail on a denial-of-access claim, an inmate must demonstrate *actual injury* by showing 'that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' " *Alexander v. Tex. Dep't of Criminal Justice*, 951 F.3d 236, 239 (5th Cir. 2020) (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). In *Lewis*, the Supreme Court clarified that the right at issue in *Bounds* was not the right to a law library or to legal assistance, but rather, access to the courts. *Lewis*, 518 U.S. at 350 (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). Thus, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance," merely establishing that "a prison's law library or legal assistance program is subpar in some theoretical sense" will not suffice. *Id*. at 351. A petitioner must show how the alleged shortcomings in the library or assistance program prevented him from pursuing his legal claim. *Id*. at 351. As the Supreme Court explained, this encompasses the following type of showing:

> Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *id*., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.*

*Id*. at 351 (emphasis added). Brown has made no such showing in this case.

The right of access guarantees prisoners "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts" by providing adequate law libraries or legal assistance. *Lewis*, 518 U.S. at 356. Brown alleges that he was denied legal assistance from inmate counselors because the facility had no legal assistance program or counselor. In response to his grievances requesting such help, he was repeatedly told that there was no legal assistance program or counselor available, and he was encouraged to use the library or obtain legal assistance through other means.[3] He claims that he required legal assistance to litigate a claim of ineffective assistance of counsel with respect to a guilty plea because he is "illiterate to the law and a high school dropout."[4] However, he does not contend that he was denied the ability to access a law library or legal materials, and it is unclear whether he even used the law library or simply chose not to do so without legal help. He appears to take issue with the types of legal tools the prison offered. However, the right to access the courts does not guarantee inmates the right to counseled legal assistance. *Lewis*, 518 U.S. at 350-51. He offers no explanation as to how the prison's law library was inadequate. He thus fails to allege that the shortcomings in the legal resources available prevented him from pursuing his legal claim. *Sanchez v. Stephens*, 689 F. App'x 797 (5th Cir. 2017) (upholding dismissal of denial of access to courts claim as frivolous

---

[3] See Rec. Doc. 1-1 at pp. 2-8 (referencing grievances filed between August 2024 and October 2025).

[4] Rec. Doc. 1-1 at 9. Brown managed to articulate the facts underlying his grounds for relief in his federal application. He alleged that counsel induced his guilty plea on the pretense that he would receive diminution of sentence at a rate of fifty percent.

and for failure to state a claim, and finding petitioner's assertions that he has been hindered in presenting claims challenging his criminal conviction and prison disciplinary cases conclusory, because he failed to describe the claims with the particularity needed to evaluate whether they were nonfrivolous and did not explain with specificity how the absence of legal materials and assistance in Spanish actually hindered those claims); *Corbett v. Chapa*, Civ. Action No. 23-196, 2024 WL 4891779, at *2 (S.D. Tex. Nov. 26, 2004).

The attachments to his complaint show that Brown was able to articulate his post-conviction relief claim, and the legal grounds upon which it was based, in this federal petition, which he was able to file without legal assistance.[5] The fact that he chose not to file for state post-conviction relief because he had no legal experience and lacked a high school diploma fails to satisfy the criteria for proving a claim of denial of access to the courts. The right to access the courts is only "the right to present grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Lewis*, 518 U.S. at 354, 360.

Further, his attachments to his complaint show that he was aware early on that he had only two years to seek post-conviction relief in the state courts. Brown admits that he knew how long he had to file his application and yet he let the time expire while pursuing

---

[5] Additionally, he was able to file a Motion for Discovery and Inspection with the 17th Judicial District Court for the Parish of Lafourche. A member of the undersigned's staff reached out to the clerk's office and confirmed that he filed that motion on October 25, 2024. The state district court denied the motion on October 29, 2024.

multiple futile requests for inmate counsel and transfer.  Thus, he cannot show that defendants' actions prejudiced him simply because he ran out of time to file.  Brown has failed to allege sufficiently that he was denied access to the state courts because defendants impeded his ability to file an application for post-conviction relief.[6]

Finally, because Brown has no constitutional right to be housed at a particular penal institution of his choice, his request for a transfer is meritless.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49 (5th Cir. 2009) (citing *Olim v. Wakinekona*, 461 U.S. at 245 ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ( "A prisoner has no constitutionally protected interest in a particular facility.")).

### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Brown's complaint be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and/or for failure to state a claim for which relief can be granted.

---

[6] As for his contention that the failure to provide legal assistance or transfer him to another facility with access to legal assistance constitutes deliberate indifference under the Eighth Amendment, that allegation does not give rise to a plausible Eighth Amendment claim.  An Eighth Amendment claim requires showing that a prisoner faces conditions so dire as to deprive him of "the minimal civilized measure of life's necessities," and that the responsible prison officials were "deliberately indifferent" to the inmate's health or safety.  *See generally Farmer v. Brennan*, 511 U.S. 825, 834–36, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Seiter,* 501 U.S. 294, 296–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Hutto v. Finney*, 437 U.S. 678, 685–87, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this ___27th___ day of _____April_____, 2026.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.